```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                       Civil NO. 15-432(DSD/JSM)
```

Stacey L. Messick,

       Plaintiff,

v.                                                    **ORDER**

Messerli & Kramer, P.A.

       Defendant.


    Blake R. Bauer, Esq. and Marso & Michelson, 3101 Irving Avenue South, Minneapolis, MN 55408, counsel for plaintiff.

    Derrick N. Weber, Esq. and Messerli & Kramer, 3033 Campus Drive, Suite 250, Plymouth, MN 55441 and Patrick D. Newman, Esq. and Moss & Barnett, 150 South Fifth Street, Suite 1200, Minneapolis, MN, counsel for defendant.


This matter is before the court upon the motion for summary judgment by defendant Messerli & Kramer, P.A. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

This debt-collection dispute arises out of Messerli's telephone communications with plaintiff Stacey L. Messick. In late February 2014, Discover Bank retained Messerli to collect on Messick's delinquent credit card debt. Bauer Aff. Ex. 1, at 6. On March 4, 2014, Messerli employee Corey Justus called Messick. Messick Dep. at 32:2-13. Messick told Justus that she is

represented by an attorney and that Messerli should contact him directly. Id. at 32:2-6. According to Messick, she identified Bill Michelson as her attorney in the call. Id. at 32:4-6. Messick did not provide a telephone number or address for her attorney, but said that his office was in Minneapolis. Id. at 32:7-13. Whether Messick mispronounced his name or Messerli misheard is unclear, but Justus recorded the name as "Bill Nicholson."[1] Weber Aff. Ex. 1, at 2. Messerli searched, but was unable to locate a Minneapolis attorney named Bill Nicholson. Id. ¶ 7.

Justus called Messick again on March 5th, to get valid contact information, but Messick did not answer and Justus did not leave a message. Id. at 61:5-20; Weber Aff. ¶¶ 8-9. Justus called again on March 7th and had the following conversation with Messick:

MESSICK: Hello.

MESSERLI: Yeah, Stacy Messick?

MESSICK: Yeah.

MESSERLI: Hi, it's Cory Justice [sic] from Messerli & Kramer calling on behalf of Discover Bank.

MESSICK: Uh huh.

MESSERLI: Okay, uh, let me get my disclaimer out of the way. It is an attempt by a debt collector to collect a debt, any

---

[1] Messerli's note memorializing the call spells "Nicholson" as "Nickolson." Weber Aff. Ex. 1, at 2. This fact has no bearing on the outcome of the case.

>    information (interrupted by MESSICK) obtained will be used for that purpose.  All calls are recorded and may be monitored.
>
>    MESSICK: (interrupting) I already told you that you need to contact my attorney.
>
>    MESSERLI: Uh, yeah, I couldn't find that information. Bill Nicholson . . . (inaudible) you'll (interrupted by MESSICK) have to give me all the information.
>
>    MESSICK: (interrupting) Mich . . .
>
>    MESSERLI: Nicholson?
>
>    MESSICK: —I-C-H-E-L-S-O-N
>
>    MESSERLI: Oh . . . Michelson, that . . . that would help.  M-I-C (interrupted by MESSICK) . . . .
>
>    MESSICK: (interrupting) Thanks.
>
>    MESSERLI: Okay, Bill Michelson. And he's in Minneapolis, correct?
>
>    MESSICK: Yup.
>
>    MESSERLI: Okay, Thank you.

Weber Aff. Ex. 2.  Based on that conversation, Messerli was able to locate the contact information for Messick's attorney.  Id. ¶ 11.  It is undisputed that Messerli had no further direct communications with Messick.

On February 3, 2015, Messick filed this action, alleging violations of the Fair Debt Collection Practices Act (FDCPA) based

on the March 5th and 7th calls.[2]  Messick claims that Messerli's conduct has caused her to suffer from "fear of answering the telephone, anxiety, emotional stress, frustration, and feelings of guilt or worthlessness, amongst other negative emotions."  Compl. ¶ 27.  Messerli now moves for summary judgment.

## DISCUSSION

### I.  Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party.

---

[2]  The complaint alleges violations of 15 U.S.C. §§ 1692c(a)(2) and 1692b(6).  See Compl. ¶ 26 ("The foregoing acts of Debt Collector constitute distinct violations of the FDCPA against the consumer herein, including but not limited to 15 U.S.C. § 1692c(a)(2) and 15 U.S.C. § 1692b(6).").  Messick now denies ever making a claim under § 1692b(6).  Pl.'s Opp'n Mem. at 10.  The court will consider Messick's denial as withdrawal of the claim.

Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II.  FDCPA**

Congress enacted the FDCPA to protect consumers "in response to abusive, deceptive, and unfair debt collection practices." Schmitt v. FMA Alliance, Ltd., 398 F.3d 995, 997 (8th Cir. 2005). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which ... protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection [attempts]." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317–18 (8th Cir. 2004) (citations and internal quotation marks omitted). "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d

1051, 1056 (8th Cir. 2002) (citations and internal quotation marks omitted).

The FDCPA prohibits "communication" with a consumer "in connection with the collection of any debt" if the debt collector "knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address[.]" 15 U.S.C. § 1692c(a)(2). Messerli argues that summary judgment is appropriate because (1) it could not readily ascertain the name and contact information for Messick's counsel before March 7th and (2) the calls were not communications within the meaning of the FDCPA.

### A.  Readily Ascertainable

Messerli argues that it could not readily ascertain Messick's attorney's name and contact information because Justus misheard his name in the initial call with Messick. When attempts to locate the attorney failed, Justus called Messick again for the limited purpose of getting accurate contact information.[3] Messick has submitted no evidence to contradict Messerli's version of events. Messick simply maintains that she identified her attorney as "Bill Michelson" during March 4th call. That fact does nothing to undermine Messerli's evidence, nor does it create a genuine issue of material fact. It can both be true that Messick said

---

[3] Messick argues that Messerli should have filed suit against her instead of contacting her again by telephone. The court finds it unlikely that Messick would have preferred that option.

"Michelson" and that Justus heard "Nicholson."

Messick also argues that Justus should have known that Messick said "Michelson" because Michelson has sued Messerli in the past for alleged FDCPA violations. The court disagrees. Messick provides no evidence that Justus had any knowledge of or involvement in those lawsuits. The court will not attribute institutional knowledge to an employee absent a factual basis to do so. See Schmitt, 398 F.3d at 997 (8th Cir. 2005) ("The theory of implied knowledge contradicts established agency law, which dictates that while the knowledge of the agent is imputed to the principal, the converse is not true."). The court is also unpersuaded by Messick's conjecture that Messerli did not attempt to locate Bill Nicholson until after the March 7th call. As a result, the court concludes that Messerli's March 5th and 7th calls to Messick did not violate the FDCPA.

### B. Communications

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). "[F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 914 (8th Cir. 2014) (quoting Grden v. Leikin Ingber & Winters PC, 643 F.2d 169, 173 (6th Cir. 2011)).

7

Messerli argues that the March 5th and 7th calls do not qualify as communications. As to the March 5th call, Messerli argues that nothing was communicated because Messick did not answer and Justus did not leave a message. The court agrees. Given that no words were exchanged, the call was not a communication. See Zortman v. J.C. Christensen & Assoc., Inc., 870 F. Supp. 2d 694, 706 (D. Minn. 2012) ("A hang-up call is not a communication.").

The transcript of the March 7th call, the accuracy of which Messick does not challenge, fully supports Messerli's position. After reciting the required disclosure and in response to Messick's statement that she already told Justus to contact her attorney, Justus said "Uh yeah, I couldn't find that information. Bill Nicholson ... you'll ... have to give me all the information." Weber Aff. Ex. 2. Messick then spelled her attorney's last name and Justus said "Okay, Bill Michelson. And he's in Minneapolis, correct?" Id. After Messick responded in the affirmative, Justus thanked her and ended the call. Justus did not attempt to discuss the debt or collection of the debt at any time during the call. Messick's argument that Justus might have attempted to induce payment on the debt had she not interrupted him at the start of the call is speculative and unconvincing.

Messick also argues that Justus' disclaimer at the beginning of the call automatically transformed it into a communication within the meaning of the FDCPA. The court again disagrees.

8

Justus made the disclaimer as required and did not thereafter mention the debt or make any attempt to collect on the debt. Therefore, the "animating purpose" of the call was to ascertain the name and contact information for Messick's attorney, not to collect on the debt. Further, it would be "absurd" to deem a required disclosure under the FDCPA to be a violation of a different provision of the FDCPA. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 399-400 (6th Cir. 1998); see also Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996) (finding no FDCPA violation based on "informational" disclaimer and noting that debt collector "would have violated the Act had it not included this statement"). As a result, summary judgment is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for summary judgment [ECF No. 14] is granted; and

2. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 25, 2016

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court